

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-93,371-01 & WR-93,371-02

### EX PARTE MATHIEU KANYABITABO AKA MATHIEU KANYBITABO, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 13819-D & 14123-D IN THE 350TH DISTRICT COURT FROM TAYLOR COUNTY

*Per curiam*.

### O R D E R

Applicant made open pleas of guilty to aggravated assault and theft. In a combined punishment proceeding, he was sentenced to thirteen years' imprisonment for the aggravated assault offense and sixteen months' imprisonment for the theft offense. Applicant did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contended, among other things, that trial counsel was ineffective for failing to investigate, pursue, and present mitigating evidence at the punishment hearing. The trial court made only findings of fact; It did not give a recommendation. After determining that the trial court's

findings were insufficient, we remanded the case for a supplemental response from trial counsel and for supplemental findings and conclusions from the trial court. We ordered the trial court to make specific findings as to (1) what mitigation investigation trial counsel conducted, including whether he sought out mitigating evidence from Applicant or his family members; (2) whether trial counsel ever explained mitigation evidence principles to Applicant; (3) and whether trial counsel adequately investigated and prepared for the cases.

The trial court obtained a supplemental affidavit from trial counsel and made supplemental findings of fact. The trial court's findings are still insufficient, as they are contradicted by the record and do not include any explicit credibility determinations. To start, trial counsel's affidavits contain conflicting statements: he states in his initial affidavit that he only discussed bond issues with Applicant's family members, but then he states in his second affidavit that he discussed mitigation concepts with them. According to habeas counsel's and Applicant's sister's affidavits, trial counsel never discussed the case with Applicant's family. And according to Applicant, he and his family did not know to provide information about his traumatic childhood to trial counsel or the Pre-Sentencing Investigation ("PSI") interviewer because trial counsel never provided specific guidance or asked questions that would elicit such information, but instead only said to disclose any information that would be helpful to the judge.

Additionally, trial counsel states in his supplemental affidavit that it was a strategic decision not to present evidence of Applicant's friend, Chance, dying in his arms. However, Applicant's application indicates that trial counsel's account of that incident is incorrect and that trial counsel was unaware that the incident was an underlying circumstance of Applicant's aggravated robbery case.

Finally, trial counsel states in his supplemental affidavit he adequately investigated Applicant's cases for punishment. But, as stated above, Applicant alleges that trial counsel did not sufficiently explain mitigation concepts to him or ask specific questions that would elicit such evidence. Applicant has also presented evidence that trial counsel's client file contained no discovery, letters, or notes, and that counsel had only one jail-house meeting with Applicant prior to the preparation of the PSI reports. The trial court shall therefore conduct a live evidentiary hearing at which trial counsel shall be called to testify.

Applicant appears to be represented by counsel. If he is not, the trial court shall determine whether he is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law regarding Applicant's claim that counsel was ineffective for failing to investigate, pursue, and present mitigating evidence at the punishment hearing. The trial court shall make specific findings as to the credibility of trial counsel's testimony, as well as any other witnesses' testimony, at the live evidentiary hearing. The trial court shall make further findings of fact as to trial counsel's conflicting statements regarding his conversations with Applicant's family, including whether he did discuss mitigating concepts with them, and if so, when those discussions took place and what specific questions he asked them. The trial court shall also make findings as to what specific questions counsel asked Applicant to elicit mitigating information and how counsel prepared Applicant for the PSI process. Finally, the trial court shall make specific findings as to whether trial counsel knew that the incident involving Applicant's friend Chance was an underlying circumstance

of Applicant's aggravated assault case and whether, given his allegedly incorrect rendition of that incident, his decision not to present this evidence at punishment was reasonable. The trial court may make any other findings that it deems relevant and appropriate to the disposition of Applicant's claim.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing the transcription of the court reporter's notes from the live evidentiary hearing and a copy of the exhibits admitted, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Delivered: July 27, 2022

Do not publish